### No. 866

#### CLEVELAND (City) v. LEGAL NEWS PUBLISHING CO.

Ohio Appeals, 8th District, Cuyahoga County
No. 5078. Decided Oct. 15, 1923

259. MUNCIPIPAL LAWS.

Municipality may not recover money paid on an executed contract which is in violation of a statute where it cannot put person in status quo.

SULLIVAN, J.

Epitomized Opinion

This is an action by the City of Cleveland to recover from the Legal News Publishing Co. money paid to the latter by the City of West Park, now incorporated in Cleveland, for legal notices. The rate which was paid for these notices was in excess of the rate allowed by statute, but was not objected to by the City of West Park. In affirming the judgment for the Legal News, on the demurrer to the answer, the Court of Appeals held:

1. The overwhelming weight of authority is that in cases where a statute which relates to public contracts has been violated, but where both parties have gone forward in good faith and completed the terms of the contract, the court leaves the parties where it found them, 77 OS. 7, 82 NE. 518, 68 OS 362, 67 NE 733, even though an action would not

lie to compel payment to the Legal News by the city and a taxpayer of the city could enjoin the payment of the money.

Attorneys—G. W. Perry, for Cleveland; P. L. A. Lieghley, for Legal News.

---

### No. 867

#### SCHMIDT v. ROSE

Ohio Appeals, 8th District, Cuyahoga County
No. 4478. Decided June 25, 1923

268. NEGLIGENCE.

Doctrine of res ipsa loquitur is merely interference from which negligence may be drawn. 47. AUTOMOBILES. Occasional general inspection of auto by competent agents constitutes ordinary care.

VICKERY, J.

Epitomized Opinion

Error to Cuyahoga Common Pleas

Schmidt brought action in the lower court for personal injuries which she alleges were sustained when the wheel of Rose's automobile came off, and running along the street, struck her. After introduction of the evidence, she rested her case, relying on the doctrine of res ipsa loquitur, claiming that the threads of the wheel were worn and, consequently, the machine was in an unsafe condition.

Held by the Court of Appeals in affirming judgment for Rose.

The doctrine of res ipsa loquitur is not a presumption of negligence which, if left unrebutted, would compel a jury to bring a verdict in favor of the plaintiff, but is merely an inference from which negligence may be drawn.

2. Occasional general inspection of an automobile by competent agents of the owner, is sufficient exercise of ordinary care in keeping the same in a safe condition.

Attorneys—S. V. McMahon and F. W. Zimmerman, for plaintiff; Dustin, McKeehan, Merrick & Stewart, for defendant.